### WHITE and others *v.* HEATH.

*(Circuit Court, D. Rhode Island.)*

1. PATENT—INFRINGEMENT.

Changes in the details of construction of a patented article may be patentable as improvements, but they will not protect the party against the charge of an infringement of the original patent.

2. SAME—INJUNCTION.

Where the validity of the original patent is not questioned by the defendant, capital has been invested in its manufacture, a successful business established, large and numerous sales have taken place without dispute, and exclusive possession is shown for some time, a preliminary injunction will be granted.

In Equity. Petition for preliminary injunction.
*Wilmarth H. Thurston,* for complainants.
*Warren R. Pirce,* for defendant.

COLT, D. J. This is an application for a preliminary injunction. The complainants, having acquired title by assignment to a certain patent issued to Charles S. Westland for an improvement in lamps, charge the defendant with an infringement. This patent, No. 206,061, was issued July 16, 1878, and the claim is as follows:

"The combination, with a lamp for burning explosive or inflammable oils or fluids, of a closed receptacle containing carbonic acid gas under pressure, so located with relation to the burner that in case of an explosion the compressed gas will be liberated, substantially as and for the purposes set forth."

The object of this invention was to avoid the danger from fire, in the event of an explosion of a lamp in which kerosene or other inflammable fluid might be used, by means of a closed receptacle, or chamber of glass or other fragile material, charged with carbonic acid gas fitting about or into the oil reservoir. Immediately upon the issuing of the patent, Westland sought capital to establish the business of manufacturing the lamp. Among those whom he met was the defendant, Heath, and on September 16, 1878, he sold to him one-third interest in the patent. On July 3, 1879, the complainants White and Fairbrother bought the remaining two-thirds, and on January 28, 1881, they also purchased the other one-third of Heath and another person to whom he had transferred a part. We thus find that the defendant was interested in this patent up to January 28, 1881. On March 1, 1881, the defendant took out letters patent, No. 238,234, for an improvement in safety lamps, and he claims that the lamps complained of are made under this patent. The position taken by the plaintiffs is—First, that the lamps in question are not made under the defendant's patent, because the main features of that patent, which consisted of certain details in the construction of safety lamps, are omitted; second, that even if made under that patent they would be an infringement of the Westland patent.

The inquiry whether the lamps made by the defendant conform to his patent we deem, under the circumstances, immaterial. The only defence offered by Heath is his patent, and if that does not protect him he is guilty, under the evidence, of the charge of infringement. An examination of the defendant's patent shows that it embraces the main elements of the Westland patent. It consists of a combination, with a lamp for burning explosive oils, of a closed receptacle containing carbonic acid gas, so located that in case of an explosion the compressed gas will be liberated. What is claimed in the specification is an improvement "in certain details of construction whereby the pas-

sage of the gas to the inside of the reservoir and to the flame is insured."

These details relate mainly to the construction of the gas receptacle, it having "grooves or flutes" running down into the oil reservoir; the defendant claiming that by his invention the gas chamber is less liable to get broken, at the same time the gas comes into more immediate contact with the flame in case of an explosion. But admitting that the defendant has worked out an improvement in details in the gas receptacle, still he had no right to use all the main elements of the Westland patent. Westland's patent was the application of the power of carbonic acid gas, in extinguishing flames, to an ordinary lamp containing any inflammable oil, like kerosene, by means of a closed receptacle holding such gas. Changes in the details of construction of such receptacle might be patentable as improvements, but would not protect the party against the charge of an infringement of the former patent.

But the general idea of a receptacle with tubes extending into the oil is not absent from the Westland patent, for the specification sets out that gas tubes may extend up into the oil from the bottom, and that small closed vials of compressed gas may be dropped into the oil at the top. The defendant does not undertake to prove that his patent is not an infringement, by any evidence further than his statement in his affidavit that on consultation and advice with eminent experts and counsel in patent matters, he *believes* that his improved safety lamp is not an infringement upon any rights properly claimed by the Westland patent. We are of the opinion that he is guilty of an infringement for the reasons given.

The validity of the Westland patent is not questioned by the defendant. Capital to the extent of $20,000 has been invested in the manufacture of these lamps and a successful business established. Large and numerous sales have taken place without dispute. Exclusive possession is shown for some time, though not for a long period. Under these circumstances an injunction is seldom refused. Curtis, Law of Patents, § 413; *Orr* v. *Littlefield*, 1 W. & M. 13; *Potter* v. *Muller*, 2 Fish. 465.

The statement of the defendant in his affidavit that the only lamps he has made were for experimental use, should not, in view of other undisputed testimony, affect the granting of an injunction. It appears that these lamps were exhibited at the fair of the Massachusetts Charitable Mechanics' Association, held in the fall of 1881, and that circulars were distributed to the public setting off their advan-

tages. It further appears that the lamp has been otherwise advertised. If sales have not actually been made, such a wrong is threatened, and that is sufficient to call for an injunction. Bump, Law of Patents, 294; *Poppenhusen* v. *Gutta Percha Co.* 2 Fish. 74. Nor is the assertion of the defendant in his affidavit, that he has no intention of making or selling any of said lamps during the pendency of this suit, a good reason for withholding an injunction. The complainants are not obliged to rest their interest on the mere assertion of the defendant that he will not repeat the act of infringement. Bump, Law of Patents, 295; *Jenkins* v. *Greenwald*, 2 Fish. 37.

The motion for a preliminary injunction is granted.